By the Court,

Nelson, Ch. J.
Our statute, 1 R. S. 675, § 70, after specifically forbidding several acts and exercisés on Sunday, adds, “ nor shall there be any servile laboring or working on that day,” <fcc., and annexes a fine of one dollar for each offence. The 73d section, p. 676, provides that whenever complaint' shall be made to any justice, &c., of a violation of the statute, he shall cause the offender to be brought before him, and shall proceed summarily to inquire into the facts, &c., and the conviction shall be final and not the subject of re-examination upon the merits. By the 2 R.S. 706, § 2, whenever any complaint shall be made to a magistrate of a criminal offence, it shall be his duty to examine oh oath the complainant, &c. And by § 3, if it shall appearfrom such examination that any criminal.offence has been committed, the magistrate shall issue a proper warrant under his hand, with or without seal,.redting the accusation,
*555 &c. It cannot be doubted but that the justice, by means of the complaint in this case and the warrant issued thereupon, acquired jurisdiction over the subject matter and the person of the defendant, and that his error, if any, was an error of judgment. He may have misapprehended the true import of the statute, and concluded that the plaintiff fell within the prohibition, when he did not; but no principle of law is better settled than that for such mistake the magistrate is not responsible in an action. 1 Brod. & Bing. 432. Mills v. Callet, 6 Bing. 85. 3 Maule & Selw. 411. 8 Wendell, 462. 11 id. 95. 19 id. 61, 62. The case of Mills v. Callet is very strong and decisive. The only question, said Tindall, Ch. J. is whether the magistrate had jurisdiction to investigate and commit. He further remarked, that if a party charged with an offence be brought before a magistrate the officer must exercise a judgment on the case, and is not liable for mere error of judgment. Burrough, J. also observed, that if a magistrate has jurisdiction, he can never be liable for an action of trespass, nor in any form of action for a mere mistake in matter of law ; and whether an occupier could commit a felony under the statute 7 and 8 G. 4, on his own premises, was clearly matter of law. Now here., on the complaint being made the magistrate was bound to entertain it and exercise his judgment; and whether the facts disclosed showed prima facie a violation .of the act for the observance of the sabbath, was certainly a question of law. The section of the statute is not very explicit in respect to the clause already referred to, and might well embarrass more skilful administrators of the law, than many of our justices of the peace. I cannot agree with the plaintiff, that the facts are so barren as not to lay the foundation for jurisdiction, or that the decision was so gross as to afford evidence per se of the influence of bad motives. On the contrary I am free to say, with Tindall, Ch. J. in Mills v. Callet, that it would be most dangerous if magistrates were held to be liable in such cases.
Great stress was laid on the insufficiency of the recitals in the complaint and warrant. As to the former it was not necessary that it should be put in writing; an oral examina *556 lion would have been sufficient, 2 R. S. 706, § "2; and as to the lattef-, the recital of the offence might be very brief. The object of the -recital is to enable the defendant to see whether the 'offence be bailable-, so that he may appear prepared With bail or With any defence that is admissible on the return of the Warrant. 1 Chit. Cr. Law, 33, ’34. Hawk. B. 2, ch. 13, § 25. The better opinion at common faw appears to be, that a recital of the offence in the warrant is not essential. 9 Wendell, 62. 19 id. 56, and cases above cited. Even in the case of a mittimus, where a brief recital is required, the omission does not render if void, so as to subject the jailer or other officer to an action of false imprisonment, or excuse him. for an escape. 1 Chit. Cr. Law, 93. I do not, however, put the decision upon the sufficiency of the recitals ip the -complaint of warrant, any .Farther than this: that they; present a case within the jurisdiction of the justice, and which called for-the exercise of his judicial' functions ; and if so, though he may have erred, he is hot liable.
If we are right in the conclusion respecting the justice, it necessarily follows that the warrant was a protection to the officer ■ for if there. was matter enough to justify the proceeding of the justice, it would of course .justify the officer. Indeed, if there had been -no -recital of the pffence in. the warrant; the constable would have been protected $ for to subject him to responsibility in this action, it must, be shown not merely that the magistrate had no jurisdiction to issue the process, hut that it so appeared on the face of the process. ' The judge, was also right in excluding 'the evidence of the abuse of the plaintiff in the arrest, - and whilst the officer was •carrying the plaintiff before the magistrate. This was 'taking grdurid to sustain the action against the officer- in respect to which the justice was- in no way implicated. Assuming what We are disposed to hold in the case, that the process afforded a justification to both justice and officer for the arrest, the only .-object or legal effect of this evidence was to charge the latter for abuse in the execution of the process’ I admit, if the plaintiff had elected td discharge the justice, he might have entitled himself to the evidence, and possibly have sustained the action; but 'as the casé *557 ■stands, it was claimed as proper against both defendants, and so understood by the judge. This is obvious from the ground taken by the counsel against its admissibility, and upon which it was excluded.
Though I regret that the officer cannot be reached in this •action for his abusive conduct towards the plaintiff, 1 am ■satisfied the case was disposed of at the circuit upon settled principles of law*.
New trial denied.